IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD E. HOWARD, JR., | : | |
|     Plaintiff | : | No. 1:20-cv-00845 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| DANIEL HOLLENBAUGH and | : | |
| JOSHUA A. FITTING, | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court are: (1) Defendant Joshua A. Fitting ("Defendant Fitting")'s Motion to Dismiss Plaintiff Ronald E. Howard Jr. ("Plaintiff")'s First Amended Complaint (Doc. No. 21); Plaintiff's Motion for Leave to File Sur-Reply (Doc. No. 29); and (3) Defendant Fitting's Motion to Strike Plaintiff's Sur-Reply for Failure to Comply with Local Rules of Court (Doc. No. 27). For the reasons provided herein, the Court will grant Defendant Fitting's motion to dismiss without prejudice, and deem the motions for leave to file sur-reply and to strike withdrawn pursuant to Local Rule 7.5.

## I.     BACKGROUND[1]

Plaintiff is an adult male residing in Mt. Holly Springs, Pennsylvania. (Doc. No. 20 ¶ 3.) Defendant Daniel Hollenbaugh ("Defendant Hollenbaugh") and Defendant Fitting are duly elected Pennsylvania State Constables serving six-year terms in Adams County, Pennsylvania. (Id. ¶¶ 4, 5.) Plaintiff alleges that at approximately 9:00 PM on February 20, 2020, he was upstairs in his home when he heard knocking on his front door. (Id. ¶ 13.) He asserts that he then went downstairs and saw individuals on his front porch shining flashlights through the window. (Id. ¶ 14.)

---

[1] The following factual allegations, accepted as true for purposes of the instant motion to dismiss, are taken from Plaintiff's First Amended Complaint. (Doc. No. 20.)

Plaintiff alleges that Defendants Hollenbaugh and Fitting stood outside Plaintiff's screen door and informed him that they had an active bench warrant for his arrest. (Id. ¶ 15.) Plaintiff asserts that Defendants did not show Plaintiff any warrant, and provided no information about it, but told him that he was "going to jail." (Id. ¶¶ 16-17.) Plaintiff asserts that he knew there was no outstanding warrant for his arrest, because while he has child support obligations, "they were up to date and fully paid." (Id. ¶¶ 18-19.) Plaintiff alleges that he "had recently spoken to the Domestic Relations Court about the next court date," and attempted to explain to Defendants that they were mistaken as to the existence of an outstanding warrant against him. (Id. ¶¶ 20-21.) Plaintiff avers that he then went upstairs to telephone his girlfriend because she "has all of Plaintiff's child support documents at her house." (Id. ¶ 22.)

Plaintiff alleges that he subsequently came downstairs and stood in the doorway, while Defendant "Hollenbaugh walked to the side of the porch," and then "[s]uddenly, [Defendant] Fitting opened the screen door and [Defendant] Hollenbaugh walked back to the front door and fired the taser into Plaintiff's face." (Id. ¶¶ 23-25.) Plaintiff avers that "[n]either Fitting nor Hollenbaugh ever warned Plaintiff that they would tase him." (Id. ¶ 26.) Plaintiff asserts that he then "fell to the floor, between the front door and the living room couch," while "[t]he taser prong was imbedded in Plaintiff's lip." (Id. ¶¶ 27-28.) Plaintiff further alleges that he "was on the floor, in a fetal position," with "[h]is right arm . . . under his body," when "Hollenbaugh and/or Fitting ordered Plaintiff to put his hands behind his back." (Id. ¶¶ 29-30.) Plaintiff maintains that he "was complying but with difficulty because he was wedged between the front door and couch; he tried to pull him arm out from underneath his body." (Id. ¶ 31.) Plaintiff further asserts that "Hollenbaugh tased Plaintiff a second time because he said that Plaintiff 'was aggressive.'" (Id. ¶ 32.)

2

Plaintiff asserts that his girlfriend then "showed up at his house with documentation that showed his recent and upcoming Domestic Relations court dates," and that "[i]t was only after Plaintiff's girlfriend provided Hollenbaugh and Fitting the paperwork that they informed Plaintiff that the active warrant was from August 2019." (Id. ¶¶ 33-34.)  Plaintiff states that he "explained to Hollenbaugh and Fitting that he already paid child support in August 2019, but they did not care." (Id. ¶ 35.)  Plaintiff asserts that thereafter, "EMS arrived at Plaintiff's house, but Plaintiff was distrustful of the Constables and the entire process; he declined to go with EMS and pulled the taser prong himself," after which he "was handcuffed, placed in the Constables' vehicle and transported to Adams County Prison." (Id. ¶¶ 36-37.)  However, Plaintiff avers that, because the "[Adams County] Prison would not accept Plaintiff until he was medically cleared," he "was transported to Gettysburg Hospital and given a medical clearance," after which he "was booked at the Prison and remained there until 11:00 a.m. the following day." (Id. ¶¶ 38-40.)  Finally, Plaintiff asserts that "[i]n the meantime, Plaintiff's girlfriend went to the Adams County Sheriff and showed him proof of Plaintiff's August payment and that while a bench warrant was improperly issued on August 27, 2019, it was immediately vacated that same day." (Id. ¶ 41.)

On May 26, 2020, Plaintiff filed a complaint asserting claims of unlawful arrest, excessive force, civil conspiracy, and failure to prevent conspiracy against both Defendants. (Doc. No. 1.)  Thereafter, Defendant Hollenbaugh filed a motion to dismiss the complaint (Doc. No. 7), and both Defendants filed a "Motion to Join and Incorporate Defendant Joshua Fitting to Defendant Hollenbaugh's Motion to Dismiss Plaintiff's Complaint" (Doc. No. 11), which was granted by the Court (Doc. No. 12).  Defendants filed a joint brief in support of their motion to dismiss on September 21, 2020.  (Doc. No. 13.)  After receiving an extension of time to respond to Defendants' motion/brief (Doc. Nos. 14, 15), on October 15, 2020, Plaintiff filed a Motion to

3

Amend/Correct (Doc. No. 16), seeking the Court's permission to file a First Amended Complaint dismissing the claims of unlawful arrest, civil conspiracy and failure to prevent conspiracy against both Defendants and the excessive force claim against Defendant Fitting, and adding a claim of battery against Defendant Hollenbaugh and a claim of failure to intervene against Defendant Fitting.  The parties thereafter filed a Stipulation (Doc. No. 18) agreeing to the filing of a First Amended Complaint limited to three counts:  excessive force against Defendant Hollenbaugh, failure to protect/intervene against Defendant Fitting, and battery against Defendant Hollenbaugh.  The Court approved the Stipulation (Doc. No. 19), and Plaintiff subsequently filed the First Amended Complaint ("FAC") (Doc. No. 20), which is now the operative complaint in this matter.

On November 12, 2020, Defendant Hollenbaugh filed an answer (Doc. No. 22) to the FAC and Defendant Fitting filed a motion to dismiss (Doc. No. 21) the FAC.  Defendant Fitting filed a brief in support of his motion to dismiss on November 25, 2020.  (Doc. No. 23.)  Plaintiff filed a brief in opposition to Defendant Fitting's motion on December 4, 2020 (Doc. No. 24), and Defendant Fitting filed his reply brief on December 18, 2020 (Doc. No. 25).  Subsequently, on December 23, 2020, Plaintiff filed a Motion for Leave to File a Sur-Reply Brief (Doc. No. 29) with a certificate of non-concurrence (Doc. No. 29-2).[2]  Defendant Fitting then filed, on December 30, 2020, a Motion to Strike Plaintiff's Sur-Reply for Failure to Comply with Local Rules of Court (Doc. No. 27) with a certificate of non-concurrence (Doc. No. 27-1).  Plaintiff's counsel thereafter filed a letter with the Court (Doc. No. 28) responding to various aspects of

---

[2] Plaintiff initially incorrectly docketed his Motion for Leave to File a Sur-Reply Brief as a sur-reply brief.  Upon notice from the Clerk of Court instructing Plaintiff to refile the document properly as a motion, Plaintiff did so (Doc. No. 29), and Defendant Fitting subsequently filed a reply to Plaintiff's motion (Doc. No 30).

Defendant Fitting's motion to strike. Defendant Fitting's motion to dismiss is ripe for disposition.

## II. LEGAL STANDARD

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d. Cir. 2008). The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a). Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. See id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6):  (1) identify the elements a plaintiff must plead to state a claim;  (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth;  and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).  A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'"  See Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)).

### III. DISCUSSION

As an initial matter, the Court addresses Plaintiff's motion seeking leave to file a sur-reply brief (Doc. No. 29) and Defendant Fitting's motion to strike that filing (Doc. No. 27).  Plaintiff filed a certificate of Defendant Fitting's non-concurrence with his motion.  (Doc. No.

29-2.)  Plaintiff did not file a brief in support of his motion for leave to file a sur-reply, and the time for doing so has expired.  Defendant Fitting's motion to strike was similarly accompanied by a certificate of Plaintiff's non-concurrence.  (Doc. No. 27-1.)  Defendant Fitting did not file a brief in support of his motion to strike, and the time for doing so has expired.

Local Rule 7.5 of this Court provides that "[w]ithin fourteen (14) days of the filing of any motion, the party filing the motion shall file a brief in support of the motion. . . . If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn."  See L.R. 7.5.  Local Rule 7.5 provides that a supporting brief need not be filed in support of a motion in three limited circumstances – (1) in support of a motion for enlargement of time if the reasons for the request are fully stated in the motion, (2) in support of a motion which has the concurrence of all parties, if the reasons for the motion and relief sought are stated in the motion, and (3) in support of a motion for appointment of counsel.  See id.

Here, both Plaintiff's motion for leave to file a sur-reply and Defendant Fitting's motion to strike were not concurred-in by the opposing party, and neither party filed briefs in support of their respective motions.  Since none of the exceptions to Local Rule 7.5's briefing requirement apply, Plaintiff's motion for leave to file a sur-reply and Defendant Fitting's motion to strike will be deemed to be withdrawn pursuant to Local Rule 7.5.  Accordingly, the Court turns to Defendant Fitting's motion to dismiss, addressed to the sole count asserted against him in the FAC, a constitutional claim pursuant to 42 U.S.C. § 1983 for failure to intervene in what Plaintiff alleges was Defendant Hollenbaugh's use of excessive force against him.  (Doc. No. 20 at 7-8.)

### A. Legal Standard

Section 1983 is the vehicle by which private citizens can seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Colombia, subject, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

See id. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)). To maintain a cause of action under Section 1983, a plaintiff must demonstrate that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

The elements of a constitutional claim of failure to protect/intervene were articulated by the Third Circuit in Smith v. Mensinger, 293 F.3d 641 (3d Cir. 2002). In that case, the Third Circuit held that "[i]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983." See Smith, 293 F.3d at 650 (quoting Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir. 1986)). However, the Third Circuit clarified that such liability requires proof that the officer has a "reasonable and realistic opportunity to intervene." See id. at 651.

## B.     Arguments of the Parties

Defendant Fitting makes two arguments in support of his motion to dismiss the failure to intervene claim asserted against him – first, that Plaintiff's FAC fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and second, that, even assuming arguendo that Plaintiff's FAC states a claim upon which relief may be granted, Defendant Fitting is entitled to qualified immunity.  (Doc. No. 23 at 7.)  As to his first argument, Defendant Fitting maintains that Plaintiff has failed to plead sufficient factual allegations to support a failure to protect/intervene claim.  (Doc. No. 23 at 8.)

Defendant Fitting maintains that Plaintiff's "allegations against Constable Fitting are conclusory and lack specificity regarding Constable Fitting's realistic opportunity to intervene before Constable Hollenbaugh deployed his Taser," and further, that Plaintiff's allegation that Defendant Hollenbaugh utilized his Taser "without warning" fails to support a plausible claim for Defendant Fitting's failure to intervene.  (Doc. No. 23 at 9.)  Defendant Fitting maintains that the allegations of the FAC "fail[] to specifically identify when Constable Fitting had a realistic opportunity to intervene and how he failed to act on that realistic opportunity," maintaining that Plaintiff's allegations amount to a "mere recital of the elements of a failure to intervene claim," and his allegations "stop[] short of the line between possibility and plausibility of entitlement to relief against Constable Fitting."  (Id. at 10.)  Further, with regard to any alleged failure to intervene based on Defendant Hollenbaugh's second use of the taser, Defendant Fitting maintains that Plaintiff does not allege that Defendant Fitting "knew that Constable Hollenbaugh intended to tase him a second time," or that "Constable Hollenbaugh gave any warning before allegedly tas[ing] Plaintiff a second time."  (Id.)  Accordingly, Defendant Fitting maintains that the allegations of the FAC, which establish only that he was present when Plaintiff was tased by

9

Defendant Hollenbaugh "fail[] to meet his burden of demonstrating that Constable Fitting had a realistic opportunity to intervene and prevent Constable Hollenbaugh from allegedly using excessive force against him."  (Id. at 11.)

Defendant Fitting also maintains that, even assuming that the allegations of Plaintiff's FAC state a claim upon which relief may be granted, he is entitled to qualified immunity because Plaintiff's allegations fail to demonstrate that Defendant Fitting acted unreasonably.  (Id. at 13.)  Defendant Fitting points to Plaintiff's allegations that "Constable Hollenbaugh tased him without warning . . . and tased him a second time without warning because Constable Hollenbaugh believed Plaintiff was acting in an aggressive manner," and argues that Plaintiff's FAC "fail[s] to plausibly explain why it was unreasonable for Constable Fitting to fail to anticipate Constable Hollenbaugh's decision to deploy his Taser."  (Id.)

In response to Defendant Fitting's arguments, Plaintiff maintains that the FAC states a claim for failure to intervene and that Defendant Fitting is not entitled to qualified immunity.  (Doc. No. 24 at 4.)  As an initial matter, Plaintiff argues that whether a particular officer has a "realistic and reasonable opportunity to interevene" is "fact sensitive," maintaining that various factors are assessed in making such a finding, including "the duration of the incident" and whether it is "momentary" or "unfolds in multiple stages."  (Id. at 6) (quoting El v. City of Pittsburgh, 975 F.3d 327, 335 (3d Cir. 2020)).  Plaintiff asserts that his description of the two tasings as occurring "suddenly" and "without warning" does not foreclose a finding that he plausibly alleges that Defendant Fitting had a "realistic and reasonable opportunity to intervene" in Defendant Hollenbaugh's use of the taser.  (Id. at 7.)  He asserts that this is so because "Fitting and Hollenbaugh were partners trying to effect an arrest," and that "Fitting would have known that Hollenbaugh had a taser on his person."  (Id.)  Plaintiff also points to his allegations that

"before the first tasing, Hollenbaugh purposely walked away to the far side of the porch. When he returned to the front door where Plaintiff and Fitting were standing, Hollenbaugh suddenly tased Plaintiff in the face," and maintains that they support a plausible inference that Fitting had a reasonable opportunity to intervene "because he knew Hollenbaugh had a taser on his person and knew that Hollenbaugh walked to the far side of the porch, outside Plaintiff's view, so he could ready his taser." (Id.)

With regard to the second alleged tasing, Plaintiff maintains that his position on the floor, wedged between the front door and the couch in a fetal position, "prevented him from seeing what Hollenbaugh was doing or preparing to do" – "[u]nlike Fitting" – when "without warning, Hollenbaugh tased him a second time." (Id.) Specifically, Plaintiff argues that "Fitting could see Hollenbaugh's affect, attitude and the readying of the taser." (Id. at 8.) Accordingly, Plaintiff maintains that his FAC contains sufficient allegations to state a plausible claim for failure to intervene.

Plaintiff also argues that Defendant Fitting is not entitled to qualified immunity, as he maintains that a reasonable officer in Defendant Fitting's position could not have believed that his conduct was lawful in light of clearly established law. (Id.) In support of this argument, Plaintiff maintains that "[o]n February 2020 when Hollenbaugh and Fitting forcibly arrested Plaintiff, the law was quite clear that the use of excessive force in the context of an arrest was unconstitutional." (Id. at 9.) He further states that "[s]o, too, was the unconstitutionality of an officer's failure to intervene when another officer uses excessive force against an individual." (Id.)

11

### C.     Whether Defendant Fitting's Motion to Dismiss Should be Granted

As noted above, liability for a failure to intervene requires proof that an officer has a "reasonable and realistic opportunity to intervene" in a use of excessive force. See Smith, 293 F.3d at 651. With regard to Defendant Hollenbaugh's alleged use of excessive force and Defendant Fitting's alleged failure to intervene in the use of that force, Plaintiff's FAC asserts the following factual allegations: Plaintiff stood in the doorway of his house; Defendant Hollenbaugh walked to the side of his front porch; "[s]uddenly, Fitting opened the screen door and Hollenbaugh walked back to the front door and fired the taser into Plaintiff's face" without warning; Plaintiff fell to the floor in a fetal position, between the front door and the living room couch, with his right arm under his body; one of the defendants ordered Plaintiff to put his hands behind his back and Plaintiff sought to comply "with difficulty because he was wedged between the front door and couch"; and Defendant Hollenbaugh "tased Plaintiff a second time because he said that Plaintiff 'was aggressive.'" (Doc. No. 20 ¶¶ 23-27, 29-32.)[3]

Upon careful consideration of the factual allegations of the FAC, the arguments of the parties and the relevant law, and accepting as true all factual allegations in Plaintiff's FAC and construing all reasonable inferences to be drawn therefrom in a light most favorable to Plaintiff, the Court finds that Plaintiff has failed to allege facts supporting a plausible claim for relief for failure to intervene against Defendant Fitting. As to the first alleged instance of excessive force/failure to intervene, Plaintiff alleges that the tasing occurred "suddenly" and "without warning," allegations which undermine any reasonable inference that Defendant Fitting had a

---

[3] The FAC also contains the entirely conclusory allegations that Defendant "Fitting had the opportunity to intervene and prevent Hollenbaugh from using excessive force against Plaintiff"; however, "[n]otwithstanding the opportunity, [Defendant] Fitting lacked courage and failed to protect Plaintiff or otherwise intervene so as to prevent Hollenbaugh from using excessive force against Plaintiff." (Id. ¶¶ 64-65.)

12

"reasonable and realistic" opportunity to intervene to prevent that tasing. See El, 975 F.3d at 335 (stating that the "duration of the incident is key to determining whether there was a reasonable opportunity" and noting that "where an incident is momentary, its 'brevity' may 'defeat[] [a] failure-to-intervene claim'" (quoting Ricks v. Shover, 891 F.3d 468, 479 (3d Cir. 2018))).  With regard to the second alleged instance of excessive force/failure to intervene, Plaintiff alleges that Defendant Hollenbaugh tased him again "because he said that Plaintiff 'was aggressive.'" Plaintiff does not allege that Defendant Fitting had knowledge that Defendant Hollenbaugh intended to use the taser again or that Defendant Hollenbaugh issued a warning prior to tasing Plaintiff a second time, or gave any other indication of his intended action which may have afforded Defendant Fitting the opportunity to intervene.  The allegations of the FAC simply lack specific facts from which a reasonable factfinder could infer anything more than the possibility that Defendant Fitting had a "reasonable and realistic" opportunity to intervene prior to each tasing incident.  As discussed above, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief.'"  See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

      The Court notes that Plaintiff's brief in opposition, in an attempt to favorably characterize the allegations of the FAC, advances additional factual allegations that are not contained in the FAC.  For example, with regard to the first tasing incident, Plaintiff's brief states that "Fitting had the opportunity to intervene because he knew Hollenbaugh had a taser on his person and knew that Hollenbaugh walked to the far side of the porch, outside of Plaintiff's view, so that he could ready the taser."  (Doc. No. 24 at 7.)  As to the second tasing incident, Plaintiff's brief alleges that Defendant Fitting had a reasonable and realistic opportunity to intervene because "he

could see Hollenbaugh's affect, attitude and the readying of the taser." (Id. at 8.)  As Defendant Fitting correctly notes in his reply brief, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."  See Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (quotation omitted); Frederico v. Home Depot, 507 F.3d 188, 201-02 (3d Cir. 2007) (holding that "[w]e do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under Rules 9(b) and 12(b)(6)"). Accordingly, these additional allegations purporting to allege Defendant Fitting's advance knowledge of each tasing are not properly considered by the Court in assessing the plausibility of Plaintiff's claim.

However, even if the Court were to consider these additional factual assertions offered by way of Plaintiff's brief in opposition, the additional allegations still "do not permit the court to infer more than the mere possibility" that Defendant Fitting is liable for the alleged misconduct, see Iqbal, 556 U.S. at 679, and, therefore, do not "plausibly give rise to an entitlement to relief," see Santiago, 629 F.3d at 130.  This is so because the additional allegations are entirely speculative.  Any allegation as to Defendant Fitting's "knowledge" that "Hollenbaugh walked to the far side of the porch, out of Plaintiff's view, so he could ready his taser," is conclusory in the absence of specific factual allegations supporting it.  Similarly, Plaintiff's assertion that Defendant Fitting "knew" of the second tasing in advance because he "could see Hollenbaugh's affect, attitude and the readying of the taser" is conclusory because Plaintiff fails to include any factual allegations indicating what it was about Defendant Hollenbaugh's affect and attitude that served as a warning to Defendant Fitting about Defendant Hollenbaugh's impending action. Because the Court finds that the FAC fails to state a plausible claim against Defendant Fitting for

14

failure to intervene, it need not address Defendant Fitting's secondary argument that he is entitled to qualified immunity.

In his reply brief, Defendant Fitting argues that the Court should dismiss Plaintiff's failure to intervene claim with prejudice because "[g]ranting Plaintiff further leave to amend would be futile" as he maintains that "Plaintiff[] failed in his two opportunities to satisfy his burden against Fitting." (Doc. No. 25 at 8.) However, while the FAC is the second operative complaint in this action, it contains Plaintiff's first effort to assert a failure to intervene claim against Defendant Fitting. The Court acknowledges that Plaintiff's brief in opposition fails to request the opportunity to amend the FAC in the event the Court is inclined to grant Defendant Fitting's motion to dismiss. However, mindful of the Third Circuit's repeated admonition that "district courts must offer amendment [in civil rights cases] – irrespective of whether it is requested – when dismissing a case for failure to state a claim unless doing so would be inequitable or futile," see Mullin v. Balicki, 875 F.3d 140, 151 (3d Cir. 2017) (quoting Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007)), and because the Court cannot conclude definitively that further amendment would be futile, the Court will grant Plaintiff the opportunity to file a Second Amended Complaint in an effort to correct the pleading deficiencies of the FAC identified herein.

### IV. CONCLUSION

For all of the foregoing reasons, the Court will grant Defendant Fitting's motion to dismiss count 2 of the FAC without prejudice, and permit Plaintiff the opportunity to file a Second Amended Complaint. An appropriate Order follows.